```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA            *

       vs.                          *   CRIMINAL NO. MJG-00-0415

TERRENCE [TERRANCE] THOMAS          *

\*      \*      \*      \*      \*      \*      \*      \*      \*

MEMORANDUM AND ORDER

     The Court has before it the Request for Writ of Audita Querela [ECF No. 51] filed by Defendant Thomas.  The Court finds that neither a response nor a hearing is necessary.

     It appears that a writ of Audita Querela is not available if the claims presented could have been raised pursuant to 28 U.S.C. § 2255.  See Carlisle v. United States, 517 U.S. 416, 429 (1996); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001)(concluding that the writ is available only to fill a gap in the post-conviction relief scheme).  Presumably, Defendant Thomas could have filed a motion under § 2255 within one year of discovering the asserted errors regarding his prior criminal history in the July 2004 plea agreement.  28 U.S.C. § 2255(f)(4).  Therefore, there would be no "gap" in the system of post-conviction relief to render this writ appropriate.  See Guerra v. United States, No. PJM-10-1155, 2010 WL 2106202, at *1 (D. Md. May 24, 2010) ("The fact that a § 2255 Motion is time-barred does not create a 'gap' to warrant extraordinary relief afforded under Audita Querela.").

Accordingly:

1. The Request for Writ of Audita Querela [ECF No. 51] is DENIED.

2. However, this action is without prejudice to the right of Defendant Thomas to file a motion for reconsideration providing authority that would support the position that the Writ of Audita Querela may be applied in the instant case.

SO ORDERED, on Monday, December 21, 2015.

/s/
Marvin J. Garbis
United States District Judge
