IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *

       vs.                   *    CRIMINAL NO. MJG-00-415

TERRENCE THOMAS           *

\*     \*     \*     \*     \*     \*     \*     \*     \*

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendant's Motion for Appropriate Relief Under the Fifth Amendment [ECF No. 66] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On March 02, 2001, Defendant Terrence Thomas was sentenced to 262 total months of imprisonment on heroin and firearms charges [ECF No. 28]. The conviction and sentence were affirmed by the Fourth Circuit Court of Appeals. <u>United States v. Thomas</u>, 24 F. App'x 118 (4th Cir. 2001).

Defendant has twice unsuccessfully sought relief pursuant to 28 U.S.C. § 2255, in 2002 [ECF No. 39] and 2015 [ECF Nos. 47, 48]. By the instant motion, Defendant seeks a reduction of his sentence to 235 months for grounds based upon the Fifth Amendment or the <u>Holloway</u> doctrine.[1] The instant motion is deemed a successive § 2255 motion which can be filed only if certified by an appellate panel. <u>See</u> 18 U.S.C. § 2255(h); <u>In re</u>

---

[1] <u>United States v. Holloway</u>, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

Goddard, 170 F.3d 435, 436 (4th Cir. 1999) ("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."). The absence of certification requires denial.

Defendant contends that a sentence reduction to 235 months, even if not constitutionally required, is required to make the sentence just. He contends that his circumstances render any sentence beyond 235 months unduly harsh and unjust. The Court finds Defendant's arguments regarding the length of his sentence to be reasonable and persuasive. Were the Court legally able to do so, it would reduce his sentence to 235 months, a duration that is sufficient, if not more than sufficient, for the crimes for which he was convicted. However, the Court does not find that it has the legal ability to reduce the sentence as requested by Defendant at this time.

The Court finds that Defendant's case presents circumstances justifying the conclusion that fundamental fairness warrants the requested reduction as was the situation in United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), in which similar relief was granted. Holloway, although not binding precedent, presents the plausible conclusion that the district court legally can reduce an unfair sentence when the prosecution joins the defense in seeking the reduction. As stated by Judge Gleeson:

> The use of this power [to reduce the sentence] poses no threat to the rule of finality, which serves important purposes in our system of justice. There are no floodgates to worry about; the authority exercised in this case <u>will be used only as often as the Department of Justice itself chooses to exercise it</u>, which will no doubt be sparingly.

Holloway, 68 F. Supp. 3d at 316.

The Court finds that Maryland district courts have not been favorable to the Holloway doctrine in recent cases, but have left open that possibility for extraordinary cases for which there is Government concurrence. See, e.g., United States v. Robinson, No. CR PJM 02-0227, 2017 WL 3434289, at *5 (D. Md. Aug. 9, 2017) (declining to follow Holloway because it has no binding effect, and explaining that "it was the Government's decision to not oppose Holloway's motion . . . that permitted the Court to address the perceived injustice"); Wade v. United States, No. CR JKB-77-0565, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (noting that the court is sympathetic to Defendant's situation but finds no basis to apply the benefits of the Holloway decision to a case that is not "excessive, harsh, or disproportionate severe"); United States v. Davis, No. CR PJM 00-0424, 2017 WL 3782702, at *2 (D. Md. Aug. 31, 2017) ("Holloway does not provide courts with unilateral discretion to reduce sentences. . . . . Holloway merely recognized that the

3

prosecuting U.S. Attorney alone held the power to affect the defendant's sentence.").

The Court concludes that it would, if it legally could, grant Defendant the requested reduction in sentence but lacks authority to do so absent Government concurrence.  The Court now requests Government counsel to consider a change in the Government position in light of Defendant's circumstances, but cannot grant the relief on the current state of the record.


For the foregoing reasons:

    1.   Defendant's Motion for Appropriate Relief Under the Fifth Amendment [ECF No. 66] is DENIED.

    2.   This action is without prejudice to the ability of Defendant to seek a sentence reduction with the consent of the Government.


SO ORDERED, this <u>Thursday, January 18, 2018</u>.


                                          _____/s/_____
                                              Marvin J. Garbis
                                     United States District Judge